IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTE D. BLAIR, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1473 |
| | ) Judge Nora Barry Fischer |
| CITY OF PITTSBURGH, CITY OF PITTSBURGH BUREAU OF POLICE, REGINA MCDONALD, NATE HARPER, OFFICER CHRISTOPHER KERTIS, OFFICER ANDREW BAKER, and DETECTIVE SCOTT EVANS, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

This is a civil rights case wherein Plaintiff Monte Blair ("Plaintiff") seeks damages against the City of Pittsburgh, its Bureau of Police, and certain officers and agents stemming from a September 9, 2012 incident during which he alleges that City of Pittsburgh Police Officers utilized excessive force to effectuate his arrest by opening fire on his vehicle. (Docket No. 12). As a result of his conduct on the date in question, Plaintiff was convicted of aggravated assault and firearms offenses in the Court of Common Pleas of Allegheny County, was sentenced to a period of incarceration and is now serving that sentence. (Docket No. 17). Plaintiff has appealed his conviction and sentence to the Superior Court, but such appeal remains pending. (*Id.*). Plaintiff filed the instant action, (Civil A. No. 14-1473), and the necessary filing fees, through his counsel, on October 29, 2014, or more than two years after this incident. (Docket No. 1). A prior case that Plaintiff initiated on September 5, 2014 at Civil Action Number 14-1207, (again, through his

1

counsel), was dismissed by the Court as Blair failed to timely refile a properly supported *in forma pauperis* motion and/or pay the necessary filing fees by the October 8, 2014 deadline established by the Court. (Civ. A. No. 14-1207, Docket No. 3). Presently before the Court are two motions to dismiss filed separately by Defendants, the City of Pittsburgh, City of Pittsburgh Bureau of Police, Nate Harper and Regina McDonald ("City Defendants"), (Docket No. 13), and Officer Christopher Kerits, Officer Andrew Baker and Detective Scott Evans ("Officer Defendants"), (Docket No. 16), their supporting briefs (Docket Nos. 14, 17), and Plaintiff's briefs in opposition thereto, (Docket Nos. 19, 20).[1]

The threshold dispute is whether the applicable two year statute of limitations bars Plaintiff's § 1983 claim because Defendants argue that the case was filed more than two years after the excessive force claim accrued on the date of the incident in question. (Docket Nos. 14, 17). Plaintiff maintains that the statute of limitations should be tolled. (Docket Nos. 19, 20). "It is well established that, where a Complaint is untimely on its face, as this Complaint is, the plaintiff must include tolling allegations in order to survive a statute of limitations challenge." *Akrie v. City of Pittsburgh*, Civ. A. No. 08-1636, 2009 WL 1765846, at *4 (W.D. Pa. June 22, 2009) (Ambrose, J.). Further, as this Court previously recognized, when a plaintiff improperly relies upon new allegations not set forth in his complaint and other matters outside the pleadings in opposition to a motion to dismiss, such additional facts cannot be considered by the Court in the context of deciding a Rule 12(b)(6) Motion. *See e.g., Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir. 2004) (matters outside the pleadings cannot be considered); *Dongelewicz v. PNC Bank Nat'l. Ass'n.*, 104 F. App'x 811, 819 n.4 (3d Cir. 2004) (quoting *Williams v. New Castle County*, 970

---

[1] The Court notes that the Officer Defendants further argue that the claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 478 (1984) due to Defendant's conviction for aggravated assault. As leave to amend will be granted for reasons set forth below, the Court declines to address the merits of this position at this time.

F.2d 1260, 1266 n.4 (3d Cir. 1992)) ("'a contention in a brief' 'clearly … may not' be used to 'substitute for an allegation in a complaint.'"). Finally, leave to amend should generally be granted when justice so requires, particularly in civil rights litigation where the Court of Appeals has instructed that leave to amend should be afforded prior to dismissal of a civil rights complaint. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, (3d Cir. 2007) ("leave to amend must be granted *sua sponte* before dismissing [civil rights] complaints").

In light of these controlling principles, this Court previously directed Plaintiff to file an Amended Complaint "setting forth all applicable facts supporting the alleged tolling of the statute of limitations" because Plaintiff had improperly relied upon lawyer argument in a responsive brief in an effort to demonstrate tolling and defeat the City Defendants' initial motion to dismiss. (Docket No. 10 (citing *Lum* and *Dongelewicz*, *supra*)). Despite the Court's directives, upon review of the present filings, it is clear that Plaintiff has once again set forth additional facts supporting his tolling arguments in his responsive briefs which were not pled in his Amended Complaint. (Docket Nos. 12, 19, 20). To this end, Plaintiff's counsel proffers that certain of Plaintiff's family members paid the Court's filing fee after the prior case was closed on October 9, 2014 and then had difficulty obtaining a refund of the fees erroneously paid to the Clerk of Court, delaying their ability to refile at this case number until October 29, 2014. (*Id*). It appears that none of the Defendants have addressed these additional facts as the City Defendants have not filed a Reply Brief, and the Officer Defendants have declined to address such facts in their Reply. (Docket No. 21). Hence, the Court believes that it is in the interests of justice to permit Plaintiff yet another opportunity to properly plead his tolling allegations in a Second Amended Complaint and for Defendants to respond as they deem appropriate.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss [13], [16]

are DENIED, without prejudice;

IT IS FURTHER ORDERED that Plaintiff shall file his Second Amended Complaint **setting forth all applicable facts supporting the alleged tolling of the statute of limitations by May 6, 2015**;

IT IS FURTHER ORDERED that Defendants shall respond to Plaintiff's Second Amended Complaint by **May 20, 2015**; and,

IT IS FINALLY ORDERED that further leave to amend on the tolling issues will not be granted to Plaintiff absent a showing of good cause and that failure to adhere to this Court's Orders may result in the imposition of sanctions on Plaintiff and counsel including dismissal for failure to prosecute.

          *s/Nora Barry Fischer*
          Nora Barry Fischer
          United States District Judge

Date:   April 22, 2015

cc/ecf:  All counsel of record.