# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTE D. BLAIR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-1473 |
| CITY OF PITTSBURGH, CITY OF PITTSBURGH BUREAU OF POLICE, REGINA MCDONALD, NATE HARPER, OFFICER CHRISTOPHER KERTIS, OFFICER ANDREW BAKER, and DETECTIVE SCOTT EVANS, COMMANDER THOMAS STRANGECKI, | ) ) ) ) ) ) ) ) ) | Judge Nora Barry Fischer |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

This is a civil rights case wherein Plaintiff Monte Blair ("Plaintiff") seeks damages against the City of Pittsburgh, its Bureau of Police, and certain supervisors, officers and agents stemming from a September 9, 2012 incident during which he alleges that City of Pittsburgh Police Officers utilized excessive force to effectuate his arrest by shooting him five times, causing him injuries. (Docket No. 25). Presently before the Court is Defendants' Joint Motion to Dismiss for Failure to State a Claim, (Docket No. 26), their Brief in Support and attachments, (Docket No. 27), and Plaintiff's Response in opposition thereto, (Docket No. 28). This is Defendants' third such Motion to Dismiss, the Court having twice previously granted Plaintiff leave to file amended complaints. (Docket Nos. 10, 22). Having fully considered the parties' arguments and after accepting the allegations in Plaintiff's Second Amended Complaint as true and evaluating the allegations therein in accordance with the relevant legal standard governing this Court's

1

consideration of a Rule 12(b)(6) Motion to Dismiss, *see e.g.*, *Fantone v. Latini*, 780 F.3d 184, 186 (3d Cir. 2015), Defendants' Motion to Dismiss [26] is GRANTED, IN PART and DENIED, IN PART.

Initially, Defendants' Motion to Dismiss [26] is DENIED insofar as they argue that the Second Amended Complaint should be dismissed as untimely under the asserted statute of limitations defense. "The law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation omitted). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* (quotation omitted). It is uncontested that the statute of limitations applicable to the instant § 1983 claims is two years and that Plaintiff technically filed the present case at Civil Action No. 14-1473 more than two years after the incident occurred on September 9, 2012. (Docket Nos. 26, 27, 28). However, after being granted two opportunities to amend his complaint to include additional allegations relevant to the statute of limitations defense, Plaintiff has now set forth all of the facts and circumstances related to his prior filings at Civil Action No. 14-1207, (*see* Docket No. 25), which, accepted as true, suffice to defeat the limitations defense by demonstrating that the Court should deem the initial pleading as having been constructively filed within the applicable limitations period and/or invoke the doctrine of equitable tolling to save Plaintiff's civil rights claims from dismissal.

In this regard, Plaintiff's original filings at Civil Action No. 14-1207 consisting of his in forma pauperis petition and Complaint were timely submitted within the applicable limitations period; Defendants concede as much, (*see* Docket No. 27 at 6). The Court of Appeals has held

2

that "[a]lthough a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis." *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996). Here, this Court's Order dismissing the case at Civil A. No. 14-1207, without prejudice, was based on the failures of Plaintiff to follow the Court's instruction to timely pay the filling fee or submit the appropriate in forma pauperis motion along with an inmate account statement, all of which are required by the Local Rules of Court. *See* W.D.Pa. L.Cv.R. 10. However, Rule 83(b) of the Federal Rules of Civil Procedure instructs this Court that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply," FED. R. CIV. P. 83(a)(2), and Plaintiff's allegations, taken as true, establish that the Clerk of Court accepted payment of the filing fees from his family members on the afternoon of the day that the case was dismissed, (October 9, 2014), i.e., the necessary fees were paid at a time after the case was dismissed but prior to the expiration of the applicable statute of limitations.[1] (*See* Docket No. 25 at "Procedural History" ¶¶ 1-23). Following *McDowell*, the initial Complaint submitted by Plaintiff at Civil Action No. 14-1207 is deemed to have been constructively filed within the limitations period because the untimely payment of the necessary fees on October 9, 2014 relates back to the initial filing. *See McDowell*, 88 F.3d at 191 (holding that "[w]e cannot agree with the district court's reasoning that the fourteen-month delay between

---

[1] The Court notes that the Clerk of Court refunded the fees to Plaintiff's family due to the facts that the case was closed and the Clerk was without authority to accept the fees on the closed case or to unilaterally reopen the matter without an Order of Court. In any event, it appears that the entire resulting circumstances and ensuing motions practice could have been avoided by Plaintiff's counsel simply filing a motion for extension of time prior to the expiration of the October 9, 2014 deadline and/or a motion to reopen the case at Civil Action No. 14-1207. Plaintiff's counsel would be well-advised to more diligently follow this Court's Orders in the future and to seek leave of court prior to acting in such situations.

the clerk's rejection of McDowell's pleading and the submission of McDowell's IFP application somehow renders the timely filed complaint untimely.").

Alternatively, to the extent that the Complaint is not deemed as having been constructively filed as of the date of the original submissions, (or September 5, 2014), Plaintiff's allegations also convince the Court that the doctrine of equitable tolling should be applied to toll the limitations period due to the extraordinary circumstances at issue suggesting that the filing of the new case at Civil Action No. 14-1473 was further delayed as a result of an error by the Clerk's Office accepting the fees from Plaintiff's family members after his case was dismissed. (*See* Docket No. 25 at "Procedural History" ¶¶ 1-23). To this end, Plaintiff avers that he did not file the new case until three weeks after his family members initially paid the fees (i.e., on October 29, 2014) because of the delays attendant to their recouping the moneys erroneously accepted by the Clerk of Court from their financial institution. (*Id.* at ¶¶ 19-21). Courts within this District have applied equitable tolling in similar circumstances wherein an error by court staff or the CM/ECF system contributed to the untimeliness of a submission that was challenged via a technical limitations defense. *See e.g., Gilliam v. Verizon Pennsylvania, Inc.*, 2014 WL 901296 (W.D. Pa. Mar. 7, 2014) (M.J. Mitchell) (holding that equitable tolling applied to defeat a statute of limitations defense when the Clerk of Court accepted a filing fee from the plaintiff but technical errors with the CM/ECF system caused the complaint to not be filed); *Hansen v. Astrue*, 2012 WL 1551887 (W.D. Pa. Apr. 30, 2012) (Hornak, J.) (holding that equitable tolling applied to toll the statute of limitations in Social Security case caused by error in transmission of complaint and ifp petition through CM/ECF system, without resolving whether error was the result of attorney error or an error by the Court's system). In light of the above precedent, Defendants' statute of limitations defense must be rejected by the Court because the statute of limitations was tolled due to the

extraordinary circumstances present here.

Defendants' Motion to Dismiss [26] is likewise DENIED to the extent that they argue that Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, 514 U.S. 477 (1994), due to his convictions for aggravated assault and firearms offenses arising out of the September 9, 2012 incident. It is well established that the *Heck* doctrine may preclude a convicted defendant from pursuing certain civil claims arising from the same incident. *See Bronowicz v. Allegheny County et al.*, Civ. A. No. 12-1023, 2013 WL 5724520, at *11-12 (W.D. Pa. Oct. 21, 2013) (discussing *Heck* and its progeny). But, "[t]he *Heck* doctrine does not create a *per se* bar to a claim for excessive force even if the § 1983 plaintiff was previously convicted of resisting arrest, assault, or a similar crime arising out of the same incident." *Wisneski v. Denning*, No. CIV.A. 12-864, 2014 WL 1758118, at *12 (W.D. Pa. Apr. 30, 2014) (Conti, C.J.) (citing cases). Further, "[a]pplication of the *Heck* rule is, of necessity, a fact-intensive inquiry by which a court must determine what essential facts were determined by the [factfinder] in the criminal trial, and what affect those decisions have on a later § 1983 claim." *Id.* at *13 (citation omitted).

In his Second Amended Complaint, Plaintiff pleads that the alleged excessive force by Officers Kertis and Baker firing on his vehicle was an entirely separate episode from the aggravated assault for which he was convicted, (Docket No. 25). In response, Defendants rely on matters outside the pleadings which the Court is not permitted to consider under Rule 12(b)(6), (i.e., a police report, criminal complaint and affidavit), in an effort to demonstrate that the officers' shooting of Plaintiff in an attempt to seize him was necessarily justified.[2] (Docket Nos. 26, 27). Additionally, the Court is otherwise unable to conclusively decide the import of the *Heck* defense

---

[2] The Court declines to sua sponte convert this motion to a motion for summary judgment under Rule 12(d). *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

because the materials submitted to the Court reveal that greater development of the factual record is necessary prior to resolving this fact-intensive issue. (*See* Docket No. 27, Def. Exs. 1-4). At the criminal trial, a mixed verdict was reached by the Hon. Jeffrey Manning of the Court of Common Pleas of Allegheny County, with Plaintiff being convicted of the aggravated assault and firearms counts but acquitted of several other charges. (*Id.*). Yet, the factual findings made by Judge Manning in support of the verdict in the non-jury trial have not been made part of this Court's record. *See Wisneski*, 2014 WL 1758118, at *12. Therefore, Defendants' Motion seeking dismissal of Plaintiff's excessive force and malicious prosecution claims due to the application of the *Heck* doctrine must be denied, without prejudice, to them later renewing such arguments.

Defendants' Motion to Dismiss [26] is DENIED inasmuch as they assert that Plaintiff's *Monell* claim against the City of Pittsburgh is subject to dismissal under Rule 12(b)(6). Although the Court agrees that Plaintiff's Second Amended Complaint is not a beacon of clarity, inartful pleading is not an appropriate basis of dismissal. *See Skinner v. Switzer*, --- U.S. ---- 131 S.Ct. 1289, 1296 (2011) (a complaint need not be "a model of the careful drafter's art"). Instead, the Court must accept all of Plaintiff's well-pleaded allegations as true and view the allegations in the light most favorable to him. *Id.* While Defendants have, in large part, accurately stated the prevailing law under *Monell*, they overlook that the Supreme Court has held that *Monell* liability may flow from a municipality's lack of a policy and/or failure to train in "narrow circumstances" involving a single incident such as "a city that arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force." *Connick v. Thompson*, 131 S.Ct. 1350, 1361 (2011) (citing and quoting *Canton v. Harris*, 489 U.S. 378, 390, n.10 (1989)). In these "rare"

situations, the "deliberate indifference" standard may be met because "the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Id.*

Here, Plaintiff alleges that the City of Pittsburgh employed former Chief Harper and Acting Chief McDonald to lead the City of Pittsburgh Bureau of Police at which time they were responsible for the formulation of policies, procedures and guidelines for City Police Officers including situations such as traffic stops, use of force and deadly force. (Docket No. 25 at ¶¶ 4-5). He later contends that the City and its Bureau of Police failed to have any established policies and/or to enforce any policies that it may have adopted delineating "in what manner an officer is permitted to use force against an individual including the use of a firearm and other means of force." (Docket No. 25 at "Argument" ¶¶ 8-9). Coupled with Plaintiff's allegations that he was shot five times by Officers Kertis and Baker when driving slowly around a police van at which time he posed no threat to the officers, and that such conduct constituted excessive force in violation of his constitutional rights protected by the Fourth and Fourteen Amendments, Plaintiff has stated a plausible claim for relief against the City under *Monell*, i.e., that the lack of a policy governing the appropriate use of firearms by City Police Officers and/or the failure of the Chiefs of Police to enforce any existing policies and train the Police Officers regarding same was the moving force behind his constitutional injuries. *See e.g., Ford v. City of Pittsburgh*, 2014 WL 7338758 (W.D. Pa. Dec. 22, 2014); *Bonilla v. City of York*, 2015 WL 1525483 (M.D. Pa. Apr. 2, 2015).

However, Defendants' Motion to Dismiss [26] is GRANTED to the extent that the City of Pittsburgh Bureau of Police is not a proper party to this action, *see Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007), Plaintiff having separately sued the City seeking alleged *Monell* liability for its failure to train and/or maintain/enforce policies as to the utilization of firearms and deadly force

7

by police officers. Further, the claims asserted against Defendants Harper, McDonald and Strangecki in their official capacities must likewise be dismissed because they are duplicative of the *Monell* claim against the City. *See Ford v. City of Pittsburgh*, 2014 WL 7338758, *5 (W.D. Pa. Dec. 22, 2014). Finally, Plaintiff's claims against Defendants Harper, McDonald and Strangecki in their individual capacities must be dismissed because Plaintiff has failed to allege any specific personal involvement of these individuals in the alleged constitutional violations in this case. *See Adams v. Springmeyer*, Civ. A. No. 11-790, 2012 WL 1865736, at *9 (W.D. Pa. May 22, 2012) (quoting *Sykes v. Carroll*, No. 11–4576, 477 F. App'x 861 (3d Cir. 2012)) ("'[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'").

For these reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [26] is GRANTED, IN PART and DENIED, IN PART. Said Motion is GRANTED to the extent that the claims against the Pittsburgh Bureau of Police, Regina McDonald, Nate Harper and Commander Strangecki are dismissed. Defendants' Motion is DENIED in all other respects; and,

IT IS FURTHER ORDERED that Defendants shall file their Answer to Plaintiff's Second Amended Complaint by **July 23, 2015**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: July 9, 2015
cc/ecf: All counsel of record.