IN THE DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

MONTE D. BLAIR,

    Plaintiff,

v.

CITY OF PITTSBURGH, CITY OF
PITTSBURGH BUREAU OF POLICE,
REGINA MCDONALD, NATE HARPER,
OFFICER CHRISTOPHER KERTIS,
OFFICER ANDREW BAKER, DETECTIVE
SCOTT EVANS,

    Defendants.

Docket No. 2:14-CV-1473

Judge Nora Barry Fischer

**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM FOR INDEMNIFICATION**

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM FOR INDEMNIFICATION

AND NOW, come the Defendants, Kertis, Baker, and Evans, by and through undersigned counsel, and files the within *Answer, Affirmative Defenses, and Cross-Claim for Indemnification* and in support thereof avers the following:

### PARTIES

1. Admitted.

2. Admitted.

3. Admitted to the extent that the Bureau of Police exists and is charged with such duties. However, it is denied that this is a proper party for the within matter.

4. Admitted to the extent of the roles for Defendant McDonald. However, the remaining allegations are denied.

5. Admitted to the extent that Defendant Harper was Chief at the time of the incident.

1

6. Admitted to the extent that Defendant Kertis is employed as a police officer with the City of Pittsburgh. IT is denied he was acting in an official capacity.

7. Admitted to the extent that Defendant Baker is employed as a police officer with the City of Pittsburgh. IT is denied he was acting in an official capacity.

8. Admitted to the extent that Defendant Evans is employed as a police officer with the City of Pittsburgh. IT is denied he was acting in an official capacity.

## JURISDICTION

9. Admitted.

10. Admitted.

## PROCEDURAL HISTORY

1. Admitted to the extent that a complaint was filed at that time.

2. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 2. The same are therefore denied and strict proof is demanded at the time of trial.

3. Admitted to the extent that the Order speaks for itself.

4. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 4. The same are therefore denied and strict proof is demanded at the time of trial.

5. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 5. The same are therefore denied and strict proof is demanded at the time of trial.

6. Admitted.

7. Admitted.

8. Admitted to the extent that Complaints were sent to Headquarters, but it is denied that this was the duty location for the officers. However, service was accepted by counsel for the Defendant Officers.

9. Admitted to the extent that the document speaks for itself.

10. Admitted.

11. Admitted.

12. Admitted to the extent that the statute does not contain a statute of limitations. It is denied that the cited case is on point for Plaintiff's case.

13. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 13. The same are therefore denied and strict proof is demanded at the time of trial.

14. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 14. The same are therefore denied and strict proof is demanded at the time of trial.

15. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 15. The same are therefore denied and strict proof is demanded at the time of trial.

16. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 16. The same are therefore denied and strict proof is demanded at the time of trial.

17. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 17. The same are therefore denied and strict proof is demanded at the time of trial.

18. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 18. The same are therefore denied and strict proof is demanded at the time of trial.

19. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 19. The same are therefore denied and strict proof is demanded at the time of trial.

20. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 20. To the extent that paragraph 20 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

21. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 21. To the extent that paragraph 21 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

22. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 22. The same are therefore denied and strict proof is demanded at the time of trial.

23. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 23. To the extent that paragraph 23 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

24. Denied. Plaintiff was convicted of aggravated assault. To the extent that paragraph 24 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

25. Denied. To the extent that paragraph 25 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

26. Denied.

27. It is admitted that prior to the incident, Defendants Kertis and Baker did interact with a group of women outside of a nightclub. They heard the gun shots as they were exiting the parking lot and decided to pursue the shots. The Officers did eventually lose sight of the suspect vehicle.

28. It is admitted that the Officers pulled in and eventually came to a stop behind PNC Bank on a narrow alleyway. The Defendants also admit that due to the quick evolution of the situation, they did not activate their lights or sirens.

29. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 29. The same are therefore denied and strict proof is demanded at the time of trial.

30. Denied. The video will speak for itself.

31. Denied as to the characterization of the events. The video will speak for itself.

32. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 32. The same are therefore denied and strict proof is demanded at the time of trial.

33. To the extent that paragraph 33 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

34. To the extent that paragraph 34 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

35. Denied as to the characterization of the allegations. The video will speak for itself.

36. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 23. To the extent that paragraph 23 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

37. Denied as to the characterization of the allegations. The documents will speak for themselves.

38. Denied. To the extent that paragraph 38 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

39. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 39. To the extent that paragraph 39 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

40. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 40. To the extent that paragraph 40 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

41. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 41. To the

extent that paragraph 41 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

42. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 42. To the extent that paragraph 42 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

## ARGUMENT

1. Paragraph 1 contains conclusions of law, to which no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

2. Denied. To the extent Paragraph 2 contains conclusions of law, no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

3. Admitted in part and denied in part. *See* Response to paragraph 27.

4. After reasonable investigation, Defendants are without sufficient knowledge, information or belief to form a response to the allegations contained within paragraph 4. The same are therefore denied and strict proof is demanded at the time of trial.

5. Denied as stated. By way of further response, the Defendants explained that they did not activate their lights or sirens due to the rapid development of the situation. All other averments of the paragraph are specifically denied.

6. Paragraph 6 contains conclusions of law, to which no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

7. Paragraph 7 contains conclusions of law, to which no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

8. Paragraph 8 contains conclusions of law, to which no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

9. Paragraph 9 contains conclusions of law, to which no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

10. Paragraph 10 contains conclusions of law, to which no response is required. The same are therefore denied and strict proof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

1. The case should not be allowed to proceed as Plaintiff did not file the within matter within the applicable statute of limitations.

2. At all times relevant hereto, Defendants Baker and Kertis acted in a good faith belief that their actions were constitutional and such belief was reasonable under the circumstances and therefore they are entitled to qualified immunity.

3. As to any state tort claims, Baker and Kertis are immune from suit under the provisions of the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*, absent a judicial finding that they acted with actual malice and/or willful misconduct.

4. At all times relevant hereto, Defendants Baker and Kertis acted in self-defense and appropriately under 18 Pa.C.S.A. § 508.

5. At all times relevant hereto, Defendant Evans acted under the reasonable belief that probable cause existed for the arrest and charges against Plaintiff. Further, Defendant Evans did not falsify any reports.

## CROSS-CLAIM: INDEMNIFICATION CLAIM

## BAKER, KERTIS, AND EVANS V. CITY OF PITTSBURGH

6. As an employee of the City of Pittsburgh, Defendants Baker, Kertis, and Evans are entitled to indemnification from the City of Pittsburgh in the event of a verdict against them. This right is only lost if it is held that they acted with actual malice and/or willful misconduct. *See* Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8541, *et seq.*

WHEREFORE, the Defendants respectfully submit the foregoing *Answer, Affirmative Defenses, and Cross-claim for Indemnification*.

Respectfully submitted,

*/s/ Bryan Campbell*

Bryan Campbell, Esq.
Counsel for Defendants Kertis, Baker, and Evans
330 Grant St., Ste. 2620
Pittsburgh, PA 15219
(412) 642-7667
bryancmpbl@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2015, the foregoing *Answer to Second Amended Complaint, Affirmative Defenses, and Cross-claim for Indemnification* was served upon Counsel via CM/ECF:

Jenee' N. Oliver, Esq.
P.O. Box 17024
Penn Hills, PA 15235

                                        Respectfully submitted,
                                        */s/ Bryan Campbell*
                                        Bryan Campbell